B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
Eastern District of California

In re   Paul Calderon   ,
        *Debtor*

Case No.   15-22317
Chapter   7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name:   CAVALRY SPV I, LLC as assignee of Capital One, N.A./KAWASAKI

2. Amount of the debt subject to this reaffirmation agreement:
   $ 2,178.83  on the date of bankruptcy  $ 2,178.83  to be paid under reaffirmation agreement

3. Annual percentage rate of interest: _____ % prior to bankruptcy
   0.0 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 60.00 per month for 37 months

5. Collateral, if any, securing the debt: Current market value: $ 2178.83
   Description:   2006 KAWASAKI ZX600-J

6. Does the creditor assert that the debt is nondischargeable? ___ Yes  ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A. Total monthly income from  $ 800  740.00
    Schedule I, line 12

8A. Total monthly expenses  $ 3,008.94
    from Schedule J, line 22

9A. Total monthly payments on  $ ~~2,178.83~~ ~~60~~ 60.00
    reaffirmed debts not listed on
    Schedule J

**Debtor's Income and Expenses as Stated on Reaffirmation Agreement**

7B. Monthly income from all  $ 1,700
    sources after payroll deductions

8B. Monthly expenses  $ 700

9B. Total monthly payments on  $ 500
    reaffirmed debts not included in
    monthly expenses

10B. Net monthly income  $ 500
     (Subtract sum of lines 8B and 9B from
     line 7B. If total is less than zero, put the
     number in brackets.)

11. Explain with specificity any difference between the income amounts (7A and 7B):
*At the time had a diffrent job.*

12. Explain with specificity any difference between the expense amounts (8A and 8B):
*When I no longer pay the other bills and now have a job, I will be able to pay for this.*

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____  _____
Signature of Debtor (only required if         Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                   required if line 11 or 12 is completed)

**Other Information**

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

_____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
_____ Yes      ✓ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
_____ Yes      ✓ No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

*Jason L. Erwin Authorized Rep*
Print/Type Name & Signer's Relation to Case

☐ **Presumption of Undue Hardship**
☒ **No Presumption of Undue Hardship**
*(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| In re<br><br>Paul Calderon<br><br>                                                                        Debtor(s). | Bankruptcy Case No.: 15-22317<br><br>DC No. *(See Local Rule 9014-1( c ))*: |
|---|---|
| Creditor Name and Address:<br>CAVALRY SPV I, LLC as assignee of Capital One, N.A.<br>KAWASAKI<br>C/O Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd. Suite 200<br>Tucson, AZ 85712 | Account No. *(last 4 digits only)* or Description of Collateral:<br><br>*******7268 |
| ☐ *[Check this box if]* Creditor is a credit union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act | Date agreement made: |
| Did an attorney represent the Debtor(s) in negotiating this agreement?             Yes ☐       No ☒ | |

## REAFFIRMATION AGREEMENT
*[Indicate all document(s) included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval of Reaffirmation Agreement

*[NOTE: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. NOTE ALSO: If you complete Part E, you must prepare and file Form 240B, Order on Reaffirmation Agreement.]*

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1. DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**

This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:                               $ 2,178.83

***The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.***

**ANNUAL PERCENTAGE RATE**

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

   (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: ___0.0___ %.

   — And/Or —

   (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: ___0.0___ %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

   | $ | @ | % |
   |---|---|---|
   | $ | @ | % |
   | $ | @ | % |

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

   (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 0.0 %.

   — And/Or —

   (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: 0.0 %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

   | $ | @ | % |
   |---|---|---|
   | $ | @ | % |
   | $ | @ | % |

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2006 KAWASAKI ZX600-J | 2,178.83 |

*Optional*---*At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

## REPAYMENT SCHEDULE

Your first payment in the amount of $_____ is due on _____(date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

---Or---

Your payment schedule will be: ___37___ (number) payments in the amount of $__60.00__ each, payable (monthly, annually, weekly, etc.) on the ___20___ (day) of each ___month___ ( week, month, etc.), unless altered later by mutual agreement in writing. beginning 8/20/15.

---Or--- TO: Bass & Associates

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

1. What are your obligations if you reaffirm the debt?

    A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

2. Are you required to enter into a reaffirmation agreement by any law?

    No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

3. What if your creditor has a security interest or lien?

    Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## PART B: REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

    Revolving Account

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:

Paul Calderon
(Print Name)

_/s/ Paul Calderon_
(Signature)

Date: 6-17-15

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date: _____

Accepted by creditor:

CAVALRY SPV I, LLC as assignee of Capital One, N.A.
(Printed Name of Creditor)

C/O Bass & Associates, P.C.
(Address of Creditor)

3936 E. Ft. Lowell Rd. Suite 200
(Address of Creditor)

Tucson, AZ 85712
(Address of Creditor)

_/s/_
(Signature)

Jason L. Ervin Authorized Rep
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance: 6/23/2015

Form 240A  - Reaffirmation Agreement (01/07)                                          Page 6 of 9

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete numbered sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 AND your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship."]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 1,700 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 700 , leaving $ 1000 to make the required payments on this reaffirmed debt.

   I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the Court. However, this presumption may be overcome if I explain to the satisfaction of the Court how I can afford to make the payments here:

   **Use an additional page if needed for a full explanation.**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____*/s/ signature*_____
         (Debtor)

         _____
         (Joint Debtor, if any)

Date:    6-17-15

— Or —
*[If the creditor is a Credit Union and the debtor(s) is (are) represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the disclosure statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
         (Debtor)

         _____
         (Joint Debtor, if any)

Date:    _____

Form 240A - Reaffirmation Agreement (01/07)                                                          Page 8 of 9

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| In re<br>Paul Calderon<br><br>                                                 Debtor(s). | Bankruptcy Case No.: 15-22317<br><br>DC No. *(See Local Rule 9014-1( c ))*: |
|---|---|
| Creditor Name and Address:<br>CAVALRY SPV I, LLC - KAWASAKI<br>C/O Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd. Suite 200<br>Tucson, AZ 85712 | Account No. *(last 4 digits only)* or Description of Collateral:<br><br>*******7268 |

### PART E:  MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

*[To be completed and filed only if the debtor(s) is (are) not represented by an attorney in negotiating the reaffirmation agreement.]*

I (We), the debtor(s), affirm the following to be true and correct:

I (We) am (are) not represented by an attorney in connection with this reaffirmation agreement.

I (We) believe this reaffirmation agreement is in my (our) best interest based on the income and expenses I (we) have disclosed in my (our) Statement in Support of this reaffirmation agreement, and because *(provide any additional relevant reasons the Court should consider)*:

Therefore, I (we) ask the Court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☑ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: */s/ Paul Calderon*
(Debtor)

_____
(Joint Debtor, if any)

Date: 6-17-15

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>　　Paul Calderon<br><br>　　　　　　　　　　　　　　　　Debtor(s). | Bankruptcy Case No.: 15-22317 |
| | DC No. *(See Local Rule 9014-1( c ))*: |
| Creditor Name and Address:<br>　CAVALRY SPV I, LLC - KAWASAKI<br>　C/O Bass & Associates, P.C.<br>　3936 E. Ft. Lowell Rd. Suite 200<br>　Tucson, AZ 85712 | Account No. *(last 4 digits only)* or Description of Collateral:<br>　　　　　　*******7268 |

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) __Paul Calderon__ has (have) filed a motion for approval
　　　　　　　　　　　　*(Name(s) of debtor(s))*
of the reaffirmation agreement dated __6-17-15__ made between the debtor(s)
　　　　　　　　　　　　　　　　　　　　　　*(Date of agreement)*
and __Cavalry SPV I, LLC - KAWASAKI__. The Court held the hearing required by 11 U.S.C. § 524(d) on notice
　　*(Name of creditor)*
to the debtor(s) and the creditor on __6-17-15__ .
　　　　　　　　　　　　　　　　　　　　　　*(Date)*

**IT IS ORDERED:**

☐　The Court grants the debtor's(s') motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐　The Court grants the debtor's(s') motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐　The Court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐　The Court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

☐　The Court does not approve the reaffirmation agreement.

Date: _____

　　　　　　　　　　　　　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　*United States Bankruptcy Judge*

## The Good Times Card Program

A married person may apply for individual credit, you are applying for:
☐ INDIVIDUAL CREDIT, complete only applicant section.
☐ JOINT CREDIT, with another person, complete entire application.

### APPLICANT (Please Print)

First Name: PAUL
Middle Initial: A
Last Name: CALDERON
Home Telephone: ___-___-9918
Social Security Number: ___-__-7929

Date of Birth (MM/DD/YY): __-18-__
Current Address: Stratford Cir #14
City: Stockton
State: CA
Zip Code: 95207

Since (MM/YY): 6/06
☐ Buyer/Owner ☑ Rent/Lease ☐ Other/Misc.

Employer: DANA
Since (MM/YY): __
Gross Monthly Income: 60K
Business Telephone: ___-___-9918

### JOINT APPLICANT (or spouse of applicant if married WI resident - complete name and address only)

(blank)

### THE OPTIONAL TAP MONTHLY DEBT CANCELLATION PROGRAM IS ONLY AVAILABLE ON REVOLVING ACCOUNTS, AND NOT AVAILABLE ON CLOSED-END LOANS.

PROTECT YOUR ACCOUNT WITH TAP® The Account Protector (referred to below as TAP) AN OPTIONAL MONTHLY DEBT CANCELLATION PROGRAM

If you enroll in our optional TAP program, your monthly credit card balance or a portion of your balance may be cancelled in the case of a qualifying Total Disability, Involuntary Unemployment, or Loss of Life event. For Total Disability, the maximum balance that may be cancelled is $300 per month, up to $10,000 and, for Involuntary Unemployment, up to $300 per month for six months. For Loss of Life, the maximum balance that can be cancelled is $10,000. To receive a cancellation benefit (for other than Loss of Life) on your account, you must be employed full-time (but not self-employed, working for a spouse or employed on a part-time basis) and working 30 hours or more per week at a single job on the date the event occurs. TAP is not insurance and is unavailable in Mississippi, Guam, the Virgin Islands, Puerto Rico and Canada.

YES, please enroll me, the primary cardholder, in the optional TAP monthly debt cancellation program. I authorize the monthly charge to my account when I have a balance. I have received and read the TAP Summary. I understand that your evaluation of my credit card application will not be influenced by whether I choose to enroll, and I am free to cancel at any time.

NO, I do not wish to enroll at this time.

SIGN HERE TO ENROLL
DATE: 7/5/06
SIGN HERE TO DECLINE: [signature]
DATE: 7/5/06

### APPLICANT(S) SIGNATURE REQUIRED BELOW

By completing and signing this credit application you are applying to HSBC Bank Nevada, N.A. ("HSBC") for revolving credit to purchase goods and services from an authorized The Good Times Dealer ("The Good Times Dealer"). However, certain types of vehicles sold by The Good Times Dealers will be required to be financed as installment, or closed-end, loans. Therefore, you authorize HSBC or the The Good Times Dealer to submit your application and credit information to HSBC Retail Credit (USA) Inc. ("HRCI"), an affiliate of HSBC, to review your information for a closed-end loan under a seperate agreement. All of the information furnished on this application is, to the best of your knowledge complete and accurate. You agree that HSBC and HRCI may obtain a credit bureau report on you and may check any of the information provided on this application from whatever source they choose. By completing and signing this application, you are applying for a credit limit in the highest amount we deem appropriate, regardless of any initial sale amount, and you are requesting a Card issued to you by us which will allow you to make purchases under this Account. By a) signing, using or permitting others to use this Card; b) signing or permitting others to sign sales slips; c) making or permitting others to make purchases by telephone, internet, or any other means, you agree to the terms and conditions of this Important Terms of Your Credit Card Account, Form E022-800-40-US-11 (8-05), which includes an arbitration provision) stated on both sides of this combined application and Important Terms of Your Credit Card Account, which are incorporated herein by reference, and to the Cardholder Agreement and Disclosure Statement which shall be sent to you with the credit card. You have read and received a copy of your Important Terms before making any purchase under this Account. Terms are attached. If this is a joint credit application, you understand that each applicant has the right to use the Account and that you shall be liable for all purchases made under the Account by any joint applicant. You grant us a purchase money security interest in the goods purchased on your Account. You understand that we may provide information relating to our transactions and experiences with you to others, including the Good Times, whether or not you are approved for credit. You may prohibit the sharing of such information by calling us at 1-800-365-3804.

Applicant's Signature: [signature]
Date (MM/DD/YY): 7/15/06

Joint Applicant's Signature: ___
Date (MM/DD/YY): __/__/__

ACCOUNT #: _____70927

etk 6240-Terri-Brian

COPY

**(To be sent to the Department of Motor Vehicles of applicable State)**



Capital One Retail Services
3800 Golf Road
Rolling Meadows, IL 60008

## NOTICE OF LIEN TRANSFER - DO NOT DESTROY

April 20, 2015

CALDERON, PAUL A
NYSSA CT
STOCKTON, CA 95212

YEAR: 2006
MAKE: KAWASAKI
MODEL: ZX600J6FL
VIN: JKAZX4J1X6A061158

Account ending in: ****1927

To whom it may concern:

The above referenced account has been sold and the lien held by Capital One has been reassigned to CAVALRY as of the date of this letter. This letter shall serve as verification of the lien being released to CAVALRY and no further interest is now held by Capital One.

Sincerely,

*N. Jol*

Nakena Johnson
Titles Representative

Letter ID: TTLTRS1548786

State of Illinois
County of Cook

Signed and sworn to before me this __20__ day of __Apr__, 2015 by Nakena Johnson.

_____
(Signature of Notary)
(Seal)

```
OFFICIAL SEAL
FELICIA R MINOR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/18
```

© 2014 Capital One. Capital One is a federally registered service mark. All rights reserved.

## LIMITED POWER OF ATTORNEY

HSBC Bank Nevada, National Association, formerly known as Household Bank (SB), N.A., a national banking association, having its principal office at 1111 Town Center Drive, Las Vegas NV 89144, Las Vegas, Nevada, and HSBC Retail Credit (USA) Inc., a New York corporation, having its principal office at One HSBC Center Buffalo NY 14203 (each, the "*Grantor*"), hereby appoint Capital One Services, LLC, a Delaware limited liability company ("*Capital One*"), serving on behalf of the issuer, Capital One N.A. and having its principal office at 15000 Capital One Drive, Richmond, VA 23238, as the true and lawful attorney with respect only to the actions described below, and hereby vests in Capital One the limited power and authority to take those actions described below:

1. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's name, place and stead, all agreements, instruments, documents, assignments and certificates that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary for Capital One to (a) grant, receive, maintain, correct, perfect or release a security interest in each vehicle securing an Account (as defined in the Purchase and Assumption Agreement, dated as of August 10, 2011, as it may be amended from time to time (the "*Agreement*"), by and among HSBC Finance Corporation, HSBC USA, Inc., HSBC Technology and Services (USA), Inc. and Capital One Financial Corporation), purchased by Capital One or its applicable affiliate pursuant to the Agreement and the proceeds thereof in favor of Capital One or its applicable affiliate, (b) to exercise the rights of the Grantor with respect to each such vehicle and the proceeds thereof (including, without limitation, the right to repossess and dispose of any such vehicle), (c) to grant, sell, assign and transfer each related document to Capital One or its applicable affiliate, and (d) to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the authority granted in clauses (a) through (c) of this paragraph. The foregoing shall include, without limitation, the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title, financing statements, releases of lien, and similar documents with respect to each vehicle and all amendments and supplements thereto and to sign any assignments of the related documents to Capital One or its applicable affiliate, that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreement.

2. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's name, place and stead, all agreements, instruments, documents, assignments and certificates that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary for Capital One to (a) grant, receive, maintain, correct, perfect or release a security interest in each vehicle securing an account for which a lien document is erroneously filed naming Grantor as the lienholder within 120 days of the date hereof by any dealer subject to a dealer agreement assigned to Capital One or any of its affiliates pursuant to the Agreement (each, a "*Dealer*") and the proceeds thereof in favor of Capital One or its applicable affiliate, (b) to exercise the rights of the Grantor with respect to each such vehicle and the proceeds thereof (including, without limitation, the right to repossess and dispose of any such vehicle), (c) to grant, sell, assign and transfer each related document to Capital One or its applicable affiliate, and (d) to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the authority granted in clauses (a) through (c) of this paragraph. The foregoing shall include, without limitation, the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title, financing statements, releases of lien and similar documents with respect to each vehicle and all amendments and supplements thereto and to sign any assignments of the related documents to Capital One or its applicable affiliate, that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreement.

3. To prepare, execute, deliver, endorse and negotiate in the name of the Grantor payment checks from dealers and customers in connection with each Account, as defined in the Agreement, purchased by Capital One or its applicable affiliate pursuant to the Agreement.

4. To prepare, execute, deliver, endorse and negotiate in the name of Grantor payment checks, money orders, or other instruments made payable to Grantor, received as payment with respect to each Account as defined in the Agreement purchased by Capital One or its applicable affiliate pursuant to the Agreement.

Capital One hereby agrees that, in connection with any exercise of the power and authority vested by paragraph 2 above, Capital One shall use its reasonable best efforts to promptly request that the applicable Dealer (i) thereafter correctly record Capital One or its applicable affiliate and not Grantor as the lienholder with respect to vehicles that are the subject of accounts owned by Capital One or its applicable affiliate and (ii) coordinate with the applicable account customer to execute new lien documentation so naming Capital One or its applicable affiliate and not Grantor as the lienholder.

The parties hereby agree that the granting of this Limited Power of Attorney shall not in any way alter the parties respective rights to indemnification provided for in Article 8 of the Agreement.

The Grantor does hereby ratify and confirm any and all things whatsoever that Capital One may do, subject to the limitations contained herein, by virtue hereof with respect to the powers and authorities granted hereby. This Limited Power of Attorney shall be deemed to have been executed under seal, to be coupled with an interest, and shall extend to any successor of the Grantor.

This Limited Power of Attorney shall commence on the date hereof and shall continue in full force and effect until each of the purchased Accounts assigned to Capital One or its applicable affiliate under the Agreement are fully paid or repurchased, at which time this Limited Power of Attorney shall terminate ("Termination"). Any third party may rely upon this document as Capital One's authority to continue to exercise the powers herein granted unless Termination has been recorded in the public records of the jurisdiction where this Limited Power of Attorney has been recorded, or unless a third party has received actual notice of Termination.

This Limited Power of Attorney shall be governed by and construed in accordance with New York law.

[*Signature Page Follows*]

IN WITNESS WHEREOF, Grantor has executed this Limited Power of Attorney effective as of the 1st day of May, 2012.

HSBC Bank Nevada, N.A.

By: _____
Name: Lonnie Momsen
Title: Executive Vice President

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF LAKE     )

On this 30th day of April, 2012, before me, a Notary Public in the State of Illinois, personally appeared Lonnie Momsen, to me personally known to be an officer of HSBC Bank Nevada, N.A., and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____
Notary Public

[OFFICIAL SEAL
ISHMAIL C ZAREMBA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/02/13]

HSBC Retail Credit (USA) Inc.

By: _____
Name: Eesh K. Bansal
Title: President

STATE OF NEW YORK  )
                   ) SS
COUNTY OF _____ )

On this 30th day of April, 2012, before me, a Notary Public in the State of New York, personally appeared Eesh K. Bansal, to me personally known to be an officer of HSBC Retail Credit (USA) Inc., and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____
Notary Public                              [SEAL]

JANE H. KAUH
Notary Public, State of New York
No. 02KA6129152
Qualified in New York County
Commission Expires June 20, 20_13_

CAPITAL ONE SERVICES, LLC

By: _____
Name: BRADLEY R. THAYER
Title: MANAGING VICE PRESIDENT,
CORPORATE DEVELOPMENT

STATE OF Virginia  )
                   ) SS
COUNTY OF _____  )

On this 30th day of April, before me, a Notary Public in the State of Virginia, personally appeared ____, to me personally known to be an officer of [Capital One Entity], and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____                    [SEAL]

CHRISTINE A VAN HORN
NOTARY PUBLIC
REG. #307303
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JULY 31, 2013

Capital One Confidential/Proprietary